UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

QUANTUM CAPITAL NETWORK, LLC

Plaintiff,

v.

CHUBB CUSTOM INSURANCE COMPANY

Defendants.

_____/

Case No. 03-21182-CIV-GOLD
Magistrate Judge Simonton

FILED _____ D.C.
DKTG

FEB 5 2004

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

**MEMORANDUM IN SUPPORT OF DEFENDANT CHUBB CUSTOM INSURANCE COMPANY'S MOTION FOR SANCTIONS**

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, Chubb Custom Insurance Company ("Chubb Custom") brings this motion for sanctions against Quantum Capital Networks, LLC ("Quantum") to address its ongoing discovery abuses. Despite this Court's November 6, 2003 Order compelling Quantum to produce a privilege log and all non-privileged documents responsive to Chubb Custom's discovery requests by November 19, 2003 (the "November 6 Order"), Quantum still has not produced all documents pertaining to its damages and has not claimed any privilege – let alone provided a log specifically identifying any documents withheld based on claims of privilege. After requesting this information on multiple occasions without response, Chubb Custom now asks the Court to sanction Quantum for its discovery abuses.

The motion for sanctions should be granted in three respects. First, because Quantum has not complied with this Court's order that it produce a privilege log, Quantum should be required to produce documents withheld on a claim of privilege or work product. Second, because Quantum has failed to comply with the Court's order that it produce all documents pertaining to its damages, Quantum should be precluded at trial from introducing as evidence of damages documents that have not been produced to date. Third, Quantum should be required to pay the fees and costs associated with all of Chubb Custom's efforts to date to obtain this discovery.

## BACKGROUND

In its complaint, Quantum asserts that it is entitled to coverage under Chubb
Custom Insurance Company Venture Capital Asset Protection Policy No. 7023-09-72 (the
"Policy") for three lawsuits arising out of a failed investment in Unity Motion – a high-definition
television satellite broadcasting company.  However, the Policy specifically excludes coverage if
the insured was aware at the time it applied for coverage of any fact or circumstance "which he
ha[d] reason to believe might result in any future claim which would fall within the scope of the
proposed insurance."  In this case, at the time they applied for coverage, Quantum's principals
were aware of facts that gave them reason to believe a future claim might be made against them.
Some of the facts that Quantum has acknowledged being aware of include the following:

- that Quantum had invested over $11 million of its clients' money in an
  enterprise – Unity Motion – that was rife with fraud

- that prior to investing the money in Unity Motion's fraudulent
  enterprise, Quantum had repeatedly advised its clients that after
  engaging in "in depth analysis and due diligence," Quantum had
  concluded Unity Motion was a "winner"

- that Unity Motion had squandered the entire $11 million invested by
  Quantum on behalf of its clients in less than eight months and needed
  additional money simply to keep afloat

- that Unity Motion had fired over 80 percent of its employees

- that Unity Motion was on the verge of bankruptcy

Quantum's awareness of those facts – which underlie the claims for which
Quantum seeks coverage here – bars coverage, making Quantum's coverage action meritless.
Each of Chubb Custom's discovery requests seeks documents directly relevant to these facts, and
other facts of which Quantum may have been aware, which are discussed in more detail
below. 1/

---

1/     The facts involved are discussed in detail in Chubb Custom's motion to compel, and will
not be repeated here.

2

**Chubb Custom's Document Requests**

   On June 9, 2003, Chubb Custom served Quantum with its first set of document requests.  See Defendant Chubb Custom's First Set of Document Requests To Plaintiff Quantum Capital (the "Requests") attached to Chubb Custom's motion to compel dated October 14, 2003 as Exhibit 2.  Chubb Custom's document requests were as follows:

1. All documents relating to the allegations in the Complaint.

2. All documents relating to the Underlying Actions, including, without limitation, the following:

  a) All pleadings filed in the Underlying Actions.

  b) All production requests, interrogatories and other written discovery served in the Underlying Actions, and the responses thereto.

  c) All documents produced or to be produced in the Underlying Actions.

  d) Transcripts of all depositions taken and hearings conducted in the Underlying Actions.

  e) All correspondence between or among any of the parties to the Underlying Actions (including correspondence between or among their counsel) relating to any of the issues in the Underlying Actions.

  f) All memoranda, analyses, or other documentation reflecting or referring to the claims or allegations in the Underlying Actions, including any documents referring to damages.

  g) All attorney bills or invoices and all other documents relating to defense costs or legal fees incurred in the Underlying Actions.

3. All documents relating to Unity Motion, including, without limitation, all documents received from Unity Motion, all communications with Unity Motion, all internal communications relating to Unity Motion, and all communications with investors relating to Unity Motion.

4. All documents relating to any consideration, evaluation, discussion, communication or inquiry, on or before May 1, 1999, as to whether any insured under the Policy potentially could incur liability or be the subject of any claim relating to Unity Motion.

5. All documents relating to any damages claimed or alleged in this action.

3

6.      All documents relating to Quantum's allegation of bad faith on the part of Chubb Custom.

7.      All documents relating to the Policy, including without limitation the application and negotiation for that Policy and any claims for which notice has been given under that Policy.

8.      All documents relating to meetings and communications between Quantum and Chubb Custom, including but not limited to documents relating to communications relating to the Policy.

Quantum did not object to any of the requests.  Instead, Quantum advised that it was producing all documents in its possession, except those subject to the attorney-client privilege, and that additional documents were presently in the hands of Quantum's other attorneys.  See Quantum Capital Network LLC's Response to Defendant's Request for Production attached to Chubb Custom's motion to compel as Exhibit 3.

**Quantum's Refusal To Produce Responsive Documents Or Privilege Log**

In response to Chubb Custom's requests, Quantum produced only two boxes of documents on July 9, 2003, consisting primarily of files apparently taken from Unity Motion's facilities.  On July 23, 2003, Quantum produced a small number of additional documents consisting of a subset of attorneys' bills apparently relating to the Unity Motion lawsuits.  These productions were patently inadequate in that they did not include entire categories of responsive documents that Quantum unquestionably had in its possession.  On September 17, 2003, Chubb Custom sent a letter to Quantum's counsel advising that if Quantum did not supplement its production with all responsive documents by September 24, 2003, it would be necessary to file a motion to compel.  Quantum's counsel did not respond to that letter or provide additional responsive documents.

On October 14, 2003, Chubb Custom filed a motion to compel production of documents and a privilege log.  Quantum never responded to the motion.  Thus, on November 6, 2003, the Court granted Chubb Custom's motion and ordered Quantum to "produce all non-privileged documents responsive to [Chubb Custom's] discovery requests, including documents in the possession of [Quantum's] attorneys, and . . . supply a privilege log in compliance with

4

Local Rule 26.1 G.3." See Order dated Nov. 6, 2003. The Court ordered Quantum to complete this production by November 19, 2003. Id.

Shortly after the order was entered, Quantum's counsel advised Chubb Custom that it would be producing several boxes of responsive documents, although it would not be able to meet the deadline of November 19, 2003. By December 9, 2003, Quantum still had not produced all the documents it admitted were responsive to Chubb Custom's requests. See Letter from J. Constine to D. Harris dated December. 9, 2003 attached hereto as Ex. A. Indeed, Quantum was still producing boxes for another few weeks.

Although the nine boxes of documents previously withheld by Quantum contain documents responsive to Chubb Custom's requests and damaging to Quantum's case, it is clear that Quantum has not produced all the attorneys' bills for which it is seeking reimbursement. Moreover, Quantum has not produced a privilege log as required by the order on the motion to compel.

## ARGUMENT

Chubb Custom served its document requests over six months ago. Quantum did not object to a single one of the requests. Six months later, following multiple counsel discussions and the filing (and granting) of a motion to compel, Quantum still has not produced a privilege log or all documents related to its purported damages. 2/ Pursuant to Rule 37 of the Federal Rules of Civil Procedure, Quantum should be barred from introducing evidence of any purported damages not reflected in its current production and from asserting any privilege with

---

2/ Moreover, Quantum's discovery abuses have not been limited to this action. Indeed, in one of the underlying actions for which Quantum seeks coverage under the Policy, the court sanctioned Quantum for discovery abuses nearly identical to those at issue in this motion. In April 2001, the United States District Court for the District of Missouri sanctioned Quantum for its refusal to comply with an earlier order compelling complete production of Rule 26(a) initial disclosures. See Motion Of Defendant Maurice Weilbacher For Sanctions dated April 17, 2001 and Memorandum for Clerk dated April 27, 2001, Ambrosio & Sirois Venture Partners LP, Series I, et al. v. Marion Bass Secs. Corp., et al., No. 00-CV-00052 (CAS) (D. Mo.) attached hereto as Exhibits B & C.

HOGAN & HARTSON L.L.P., 1111 BRICKELL AVENUE, SUITE 1900 • MIAMI, FL 33131 • TEL. (305) 459-6500 • FAX (305) 459-6550

respect to responsive documents.  In addition, Quantum should be held responsible for the costs
and fees associated with bringing this motion.

**I.      QUANTUM SHOULD BE BARRED FROM USING ANY DOCUMENTS
         RELATING TO ITS PURPORTED DAMAGES THAT HAVE NOT BEEN
         PRODUCED TO DATE**

Rule 37 of the Federal Rules of Civil Procedure empowers this Court sanction a
party for failure to comply with an order compelling discovery.  See Fed. R. Civ. P. 37(b)(2).
Specifically, this Court may make an order "prohibiting [a] party from introducing designated
matters in evidence."  Id.  See also Sutherland v. Mesa Air Group, Inc., 2003 WL 21402549, at
*2 (S.D. Fla. June 6, 2003) ("Moreover, it is appropriate to strike pleadings and enter default
judgment against parties who violate discovery orders."); United States v. Bosset, 2002 WL
31934342, at *3 ("This rule grants the court broad authority to impose sanctions upon a party for
failure to obey a court order to provide discovery.").

In this case, Quantum is seeking reimbursement from Chubb Custom for the cost
of defending itself in the underlying litigation.  In conversations and correspondence with Chubb
Custom, Quantum has repeatedly represented that these defense costs exceed $650,000.  Nearly
eight months ago, Chubb Custom requested "[a]ll documents relating to any damages claimed or
alleged in this action."  See Defendant Chubb Custom's First Set of Document Requests To
Plaintiff Quantum Capital (Ex. 2 to Chubb Custom's motion to compel) at Request 5.  However,
Quantum has produced documentation of legal expenses totaling only $166,251 – less than one-
third of the amount it claims to have expended.  Chubb Custom requested this information
repeatedly in telephone conferences and correspondence.  See, e.g., Letter from J. Constine to D.
Harris dated September 17, 2003 attached hereto as Exhibit D.

When Quantum refused to make a complete production, Chubb Custom was
forced to file a motion to compel addressing this specific issue.  See Defendant Chubb Custom
Insurance Company's Motion to Compel Production of Documents ("In response to Request No.
5  documents relating to Quantum's alleged damages – Quantum has produced no documents

aside from its partial production of attorney bills."). That motion was granted, but Quantum still has failed to make a complete production. At this time, this Court should bar Quantum from introducing evidence of any damages for which it has not provided documentation to Chubb Custom. 3/ See Batson v. Neal Spelce Assocs., Inc., 112 F.R.D. 632 (W.D. Tex. 1986) (precluding plaintiff from producing evidence on damages issue where plaintiff had failed to produce documents relating to damages in discovery).

II.     **BY REFUSING TO PROVIDE A PRIVILEGE LOG DESPITE A SPECIFIC COURT ORDER, QUANTUM HAS WAIVED ANY PRIVILEGE IT MIGHT ASSERT WITH REGARD TO DOCUMENTS RESPONSIVE TO CHUBB CUSTOM'S REQUESTS**

Pursuant Local Rule 26.1.G.3, a party is required to identify for every document withheld on the basis of privilege: 1) the type of document; 2) the general subject matter of the document; 3) the date of the document; 4) such other information as is necessary to identify the document for a subpoena duces tecum; and 5) the nature of the privilege being asserted. Local Rules 26.1.G .3.b and 26.1.G.3.c, S.D. Fla. L.R.; see also Fed.R.Civ.P. 26(b)(5) ("When a party withholds information . . . claiming that it is privileged . . ., the party shall make the claim expressly and shall describe the nature of the documents . . . not produced or disclosed in a manner that . . . will enable other parties to assess the applicability of the privilege."). A party that fails to adequately identify documents waives the privilege. See Mosier v. American Home Patient, Inc., 203 F.R.D. 645, 647 (N.D. Fla. 2001) ("As to privilege, if Defendant is now withholding any specific document due to attorney-client or work product privilege, that

---

3/       Chubb Custom has doubts regarding the completeness of other aspects of Quantum's document production. For example, Quantum has produced very few internal communications, memoranda, or other documents generated between January through May 1999. The dearth of documents appears odd given that during these five months, Quantum learned that its single largest investment had been squandered, and Quantum fired 80 percent of Unity Motion's employees, restructured Unity Motion's management, and fought a losing battle to save the company from bankruptcy. Chubb Custom intends to investigate the completeness of Quantum's document production in upcoming depositions and reserves the right to file a separate motion for sanctions to the extent additional deficiencies are identified.

privilege is waived for failure to assert it with specificity in response to the discovery requests.");
see also In re Grand Jury Subpoena, 274 F.3d 563, 576 (1st Cir. 2001) ("A party that fails to
submit a privilege log is deemed to waive the underlying privilege claim.").

   In this case, Quantum did not produce a privilege log with its initial production in
clear violation of Rule 26.1.G, S.D. Fla. L.R.  Unable to determine if documents were being
withheld on the basis of a claimed privilege, Chubb Custom filed a motion to compel Quantum
to produce a privilege log well over three months ago.  This Court specifically ordered Quantum
to provide a privilege log by November 19, 2003.  However, Quantum never produced a
privilege log.

   By failing to even assert any privilege – let alone specifically identify privileged
documents – Quantum has clearly waived the privilege with respect to any documents responsive
to Chubb Custom's requests.  Thus, Quantum should be ordered to produce all responsive
documents that have been withheld on the basis of privilege or work product.

**III.**   **BASED ON ITS ONGOING DILATORY CONDUCT, QUANTUM
SHOULD BE HELD RESPONSIBLE FOR ALL COSTS AND FEES
ASSOCIATED WITH CHUBB CUSTOM'S EFFORTS TO OBTAIN THE
PRIVILEGE LOG AND DOCUMENTS RELATED TO QUANTUM'S
PURPORTED DAMAGES**

   Quantum's ongoing refusal to cooperate in the discovery process has resulted in
significant and unnecessary expenses being imposed on Chubb Custom, including the cost of
correspondence with Quantum regarding the inadequacy of production and the cost of drafting
its motion to compel discovery and this motion for sanctions.  As a sanction for its dilatory
conduct, Quantum should be held responsible for these avoidable expenses.  See Sutherland,
2003 WL 21402549, at *5 (awarding plaintiff "all attorneys' fees and costs incurred in
connection with its efforts to obtain discovery ").

## CONCLUSION

For all of the foregoing reasons, Chubb Custom respectfully requests that its motion for sanctions be granted.

Respectfully submitted,

HOGAN & HARTSON, L.L.P.
Mellon Financial Center
1111 Brickell Avenue, Suite 1900
Miami, Florida 33131
Telephone: (305) 459-6500
Facsimile: (305) 459-6550

By: _____
Lori Piechura
Fla. Bar No. 979619

Jonathan A. Constine, Esquire
Edward C. Crooke, Esquire
HOGAN & HARTSON, L.L.P.
555 13th Street, N.W.
Washington, DC 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910

**Attorneys for Defendant Chubb Custom
Insurance Company**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing Defendant Chubb Custom Insurance Company's motion for sanctions and supporting memorandum were served by hand upon David S. Harris, Law Office of David S. Harris, 3669 Poinciana Ave., Suite #3A, Coconut Grove, FL 33133, on this 5th day of February 2004.

_____
Lori Piechura

9

# EXHIBIT A

# HOGAN & HARTSON
L.L.P.

JONATHAN A. CONSTINE
PARTNER
(202) 637-5870
JACONSTINE@HHLAW.COM

COLUMBIA SQUARE
555 THIRTEENTH STREET, NW
WASHINGTON, DC 20004-1109
TEL (202) 637-5600
FAX (202) 637-5910
WWW.HHLAW.COM

December 9, 2003

*BY FAX*

David S. Harris, Esq.
3669 Poinciana Avenue
Suite 3A
Coconut Grove, FL  33133

Re:   **Quantum v. Chubb Custom**

Dear David:

To date, I have received only six of the nine boxes referred to in your letter dated December 1, 2003.  Have those boxes been sent?  If so, please provide me with the tracking numbers.  The court-ordered deadline for production of those documents, as you know, has long passed.

Sincerely,

Jonathan A. Constine

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

**FILED**

APR 17 2001

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

AMBROSIO & SIROIS VENTURE        )
PARTNERS LP, SERIES I, et al.,   )
                                 )
            Plaintiffs,          )
                                 )
vs.                              )   CASE NO. 4:00CV00052CAS
                                 )
MARION BASS SECURITIES           )
CORPORATION, et al.,             )
                                 )
            Defendants.          )

## MOTION OF DEFENDANT MAURICE WEILBACHER FOR SANCTIONS

COMES NOW Defendant, Maurice Weilbacher and moves the Court for sanctions under Rule 37 of the Federal Rules of Civil Procedure as a result Plaintiffs' failure to comply with the Court's Order of March 30, 2001. In support of this motion, Defendant states as follows:

1.     Defendant Weilbacher filed a motion to compel the Plaintiffs to produce initial disclosures and documents and called up the motion up for hearing on March 30, 2001. (See **Exhibit A**) At the hearing the Court ruled in favor of the Defendants and ordered Plaintiffs to produce the documents to the Defendants within two weeks. **(See Exhibit B)**

2.     At the hearing on the motion to compel, Defendant Weilbacher's counsel specifically suggested to the Court that the Plaintiffs may attempt to produce the documents in Miami or offer them for copying as opposed to producing them directly to Defendants' counsel. The Court made it clear that the Plaintiffs were ordered to produce the documents, not in the offices of the Miami counsel, but they were ordered to produce the documents to Defendants at

QCN 007728

# 114

the Defendants' counsel's office.

3. On Thursday, April 12, 2001, Defendants' counsel received a note, that was sent

via facsimile after business hours on April 11, 2001 that stated:

> We are prepared to produce copies of Plaintiffs' initial disclosure
> documents. The originals are in Mr. Fischman's office in Miami,
> Florida. There are eight full banker's boxes of documents to be
> produced. Most of the documents will need to be hand copied by a
> copy service. <u>Please contact Bruce Fischman's office at 305/576-
> 5522 in the morning on Thursday, April 12, 2001 to confirm you
> will pay for copying and transportation of the documents.</u> Upon
> confirmation, we will have the documents copied and delivered to
> you by overnight mail. (Emphasis Supplied)

A copy of this message is attached hereto as **Exhibit C**.

4. Defendant Weilbacher's counsel was in Court Thursday morning and in a

deposition Thursday afternoon until 6:00 p.m. Upon reviewing Exhibit C on Friday - - the last

day for Plaintiffs to comply with the Court Order, Defendant's counsel sent a letter to Plaintiffs'

counsel stating that the facsimile message regarding the documents located at Mr. Fischman's

office in Miami, Florida, was not in compliance with the Court's Order of March 30, 2001 and

that if the documents were not produced as ordered by the Court, then a motion for sanctions

would be filed. A copy of the letter is attached hereto as **Exhibit D**.

5. At 4:15 p.m. on Friday, April 13, 2001, - - the last day for Plaintiffs to comply

with the Court's Order of March 30, 2001 - - Plaintiffs' counsel, John Sandberg, called

Defendant's counsel, Sherri C. Strand, and disputed the contention that Plaintiffs were required

to serve copies of the documents on Defendants' counsel in St. Louis. Plaintiffs' counsel took

the position that Plaintiffs did not have to pay for copying the documents for Defendants; rather

he argued offering to copy them at Defendants' expense was sufficient. Plaintiffs' counsel asked

2

QCN 007729

for authority and Ms. Strand referred him to Rule 26, local practice (including the fact that Defendants had paid for copying the documents they delivered to Plaintiffs' counsel under Rule 26), the Court's Order of March 30, 2001, and the Court's pronouncements from the bench upon sustaining the Defendants' Motion to Compel.

6.      Plaintiffs' were given two weeks to serve the documents that were due to be served months ago.  Defendant's counsel has tried in a good faith effort to resolve this issue with the Plaintiffs' counsel as set forth above.  At the hearing on March 30, 2001 the Court made it clear that sanctions would be forthcoming if the Plaintiffs did not comply with this order.

7.      A memorandum in support of this motion has been simultaneously filed.

WHEREFORE, Defendant Maurice Weilbacher respectfully urges the Court to dismiss the Plaintiffs' claims against him with prejudice and to award him his attorney's fees in having to bring the motion to compel and motion for sanctions, and for such further relief as the Court may deem appropriate in sanctioning the Plaintiffs for disregarding the Order.

Respectfully submitted,

PAULE, CAMAZINE & BLUMENTHAL, P.C.

By:   _Sherri C Strand_____

Sherri C. Strand, #4480
165 N. Meramec Avenue, 6th Floor
St. Louis (Clayton), Missouri 63105
Telephone No.  (314) 727-2266
Facsimile No.  (314) 727-2101
Attorney for Defendant Maurice Weilbacher

3

QCN 007730

Certificate of Service

The undersigned hereby certifies that a copy of the foregoing was sent by United States mail, postage pre-paid, this _16_ day of _April_, 2001, to the following counsel of record:

Bruce D. Fischman
Fischman, Harvey & Dutton
3050 Biscayne Boulevard, Suite 600
Miami, FL 33137
Attorneys for Plaintiffs

John Sandberg
Sandberg, Phoenix & Von Gontard
One City Centre, 15th Floor
St. Louis, MO 63101-1880
Attorneys for Plaintiffs

Steven Garlock
Tracy J. Cowan
Thompson Coburn LLP
One Mercantile Center
St. Louis, MO 63101
Attorneys for Marion Bass Securities,
Marion Bass and Renee Matthews

Theodore J. Sawicki
Alston & Bird LLP
One Atlantic Center
Atlanta, GA 30309-3424
Attorney for Marion Bass Securities,
Marion Bass and Renee Matthews

Thomas H. Ullman
4210 Old Highway 94 South
St. Charles, MO 63304
Attorney for Sean Henry

4

QCN 007731

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

EASTERN DISTRICT OF
ST. LOUIS

AMBROSIO & SIROIS VENTURE          )
PARTNERS LP, SERIES I, et al.,     )
                                   )
              Plaintiffs,          )
                                   )
       vs.                         )    CASE NO.  4:00CV00052CAS
                                   )
MARION BASS SECURITIES             )
CORPORATION, et al.,               )
                                   )
              Defendants.          )

## MOTION OF DEFENDANT MAURICE WEILBACHER
## TO COMPEL PLAINTIFFS TO COMPLY
## WITH RULE 26 AND PRODUCE DOCUMENTS

COMES NOW Defendant, Maurice Weilbacher, by and through his counsel of record,

and moves the Court for an Order requiring Plaintiffs to produce the documents and information

required by Rule 26 of the Federal Rules of Civil Procedure. In support of this motion,

Defendant states as follows:

1.      In the Case Management Order of September 6, 2000 this Court ordered the

parties to make all disclosures required by Rule 26(a)(1), Fed. R. Civ. P., no later than November

6, 2000.

2.      All Defendants complied with the Order by serving disclosures and documents on

Plaintiffs' counsel in a timely fashion.

3.      Plaintiffs did not comply with Rule 26, rather served a partial disclosure with

broad descriptions of documents that are allegedly in the office of Plaintiffs' Florida counsel, but

did not adequately comply with Rule 26 or produce a single document.  Initially, Plaintiffs

**QCN 007732**


PLAINTIFF'S
EXHIBIT
A

requested a delay in producing documents and Defendants agreed.   Subsequently Plaintiffs'

counsel stated Plaintiffs would comply, but failed and refused to do so.

     4.     Defendant's counsel attempted to resolve the issue to no avail.  See Certificate of

Sherri C. Strand attached.

     5.     A memorandum in support of this motion is filed herewith.

WHEREFORE, Defendant Maurice Weilbacher moves for an Order compelling Plaintiffs

to provide information and produce the documents as previously ordered by this Court and as

required by Rule 26 of the Federal Rules of Civil Procedure.

Respectfully submitted,

PAULE, CAMAZINE & BLUMENTHAL, P.C.

By:                     _Sherri C. Strand_

                     Sherri C. Strand, #4480
                     165 N. Meramec Avenue, 6th Floor
                     St. Louis (Clayton), Missouri 63105
                     Telephone No. (314) 727-2266
                     Facsimile No. (314) 727-2101
                     Attorney for Defendant Maurice Weilbacher

QCN 007733

<u>Certificate of Service</u>

The undersigned hereby certifies that a copy of the foregoing was sent by United States mail, postage pre-paid, this 27 day of Feb , 2001, to the following counsel of record:

Bruce D. Fischman
Fischman, Harvey & Dutton
3050 Biscayne Boulevard, Suite 600
Miami, FL 33137
Attorneys for Plaintiffs

John Sandberg
Sandberg, Phoenix & Von Gontard
One City Centre, 15th Floor
St. Louis, MO 63101-1880
Co-counsel for Plaintiffs

Steven Garlock
Tracy J. Cowan
Thompson Coburn LLP
One Mercantile Center
St. Louis, MO 63101
Attorneys for Marion Bass Securities,
Marion Bass and Renee Matthews

Theodore J. Sawicki
Alston & Bird LLP
One Atlantic Center
Atlanta, GA 30309-3424
Attorney for Marion Bass Securities,
Marion Bass and Renee Matthews

Thomas H. Ullman
4210 Old Highway 94 South
St. Charles, MO 63304
Attorney for Sean Henry

QCN 007734

No. 4:00CV000 52 CAS

_AMBROSIO & SIROIS VENTURE_
vs.  _ET AL Plaint_

# United States District Court

_MARION BASS SECURITIES_
_CORP. et al Defendant_

Eastern District of Missouri

March 30 , 2001

FILED

MAR 30 2001

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

### MEMORANDUM FOR CLERK

Defendants' Motion to Compel Plaintiffs
Comply with Rule 26 and Produce Documents
called, argued and granted. Plaintiffs
are ordered to produce the Rule 26 Documents
to Defendants within 2 weeks. If Plaintiffs
do not comply, the Court will hear the matter
for sanctions.

   The Motion of Plaintiffs' Counsel to
Withdraw was heard and denied.

          SO ORDERED

          Hon. Charles A. Shaw

_Attorney for Defendant_
_Marion Bass Sec; et al._

_Thomas Ullman #13014_
_Attorney for Def. Henry_

Attorney for Plaintiff
Defendant

238932

_Samuel Strum #44780_
314-727-2266
act for Def. Wischbecker

#713

DEFENDANT'S
EXHIBIT
B

QCN 007735

APR-11-01 WED 07:07 PM   SPVG                    FAX NO. 3142417604                    P. 01/01

SANDBERG, PHOENIX & VON GONTARD
A PROFESSIONAL CORPORATION
ATTORNEYS AND COUNSELORS
ONE CITY CENTRE - 15TH FLOOR
ST. LOUIS, MISSOURI 63101-1880
314-231-3332
800-225-5529
314-241-7604 FAX

# facsimile
## TRANSMITTAL

| To: | Thomas H. Ullmann | Fax No. | 636-441-2991 |
|-----|-------------------|---------|--------------|
|     | Steve Garlock     |         | 552-7000     |
|     | Sherri C. Strand  |         | 727-2101     |
| cc: | Bruce Fischman    |         | 1-305-576-7079 |
| From: | Kenneth J. Brennan |      |              |
| Re: | Ambrosio v Unity Motion |   |              |
| Pages: | ___1___ (Including this cover sheet) | | |
| Date: | April 11, 2001   |         |              |

## MESSAGE

Attorneys:

We are prepared to produce copies of plaintiffs' initial disclosure documents. The originals are in Mr. Fischman's office in Miami, Florida. There are eight full banker's boxes of documents to be produced. Most of the documents will need to be hand copied by a copy service. Please contact Bruce Fischman's office at 305/576-5522 in the morning on Thursday, April 12, 2001 to confirm you will pay for copying and transportation of the documents. Upon confirmation, we will have the documents copied and delivered to you by overnight mail.

Please call Victoria Ward at (314) 231-3332 if this transmission is incomplete or illegible.
**A copy of this fax should be made for permanent retention**

Unless otherwise indicated or obvious from the nature of this transmittal, the information contained in this facsimile message is privileged and confidential communication between attorney and client. If you have received this in error or you are not sure whether this is a privileged and confidential communication, please immediately contact us at 1-800-225-5529 or locally at 231-3332. Return the original message to us at the above address by mail at our expense and do not disseminate, distribute, copy or discuss the contents of this message.
677638.1



QCN 007736



P   A   U   L   E
C A M A Z I N E
&
B L U M E N T H A L

Donald W. Paule
Alisse C. Camazine
Daniel P. Card II
Thomas M. Blumenthal
Stanley H. Chorlins
Joann N. Dyroff
Bruce E. Friedman*
D. Keith Henson*
Susan A. McNary**
Bernard W. Gerdelman*
Sherri C. Strand
Alan E. Freed
Heidi M. Otten
Kathryn L. Dudley
Tami Z. Mornssey
Lisa G. Moore
Christine M. Zych*
Sean P. Clancy*

James L. McHugh
Of Counsel

*Also Licensed in Illinois
**Also Licensed in
the District of Columbia

April 13, 2001

**Via Facsimile and U.S. Mail**

Mr. Kenneth Brennan
Mr. John Sandberg
Sandberg, Phoenix & Von Gontard
One City Centre, 15th Floor
515 North Sixth Street
St. Louis, MO 63101-1880

Mr. Bruce D. Fischman, Esq.
Sherman and Fischman, P.A.
Suite 600
3050 Biscayne Boulevard
Miami, Florida 33137-4165

RE:   Ambrosio & Sirois, et al vs. Weilbacher, et al
       Order Compelling the Plaintiffs to Produce Documents

Gentlemen:

We received the facsimile message that you sent after business hours Wednesday evening. Your offer to ship documents if our client agrees to pay for the copying and transportation of the documents that were supposed to be delivered to us last fall, is not in compliance with the Court Order. At the hearing on the Defendants' motions to compel, we specifically addressed with the Court the possibility that the Plaintiffs may attempt to produce the documents in Florida. The Court made it very clear that the Plaintiffs' were to produce copies of the documents to us in St. Louis. Thus, unless you deliver copies of the documents to our office by the deadline set forth in the order compelling you to do so, we will be filing a motion for sanctions.

Very truly yours,

PAULE, CAMAZINE & BLUMENTHAL, P.C.

Sherri C. Strand
SCS/dpk

cc:   Mr. Steven Garlock [via facsimile and U.S. Mail]
      Mr. Thomas H. Ullman [via facsimile and U.S. Mail]
      Mr. Theodore J. Sawicki [via facsimile and U.S. Mail]

Attorneys at Law

Sixth Floor
165 N. Meramec Avenue
St. Louis, MO 63105-3789
Fax: (314) 727-2101
www.pcblawfirm.com
(314) 727-2266

**QCN 007737**



RECEIVED

APR 1 7 2001

U. S. DISTRICT OURT
ST. LOUIS

FILED

APR 17 2001

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

AMBROSIO & SIROIS VENTURE           )
PARTNERS LP, SERIES I, et al.,      )
                                    )
            Plaintiffs,             )
                                    )
vs.                                 )      CASE NO.  4:00CV00052CAS
                                    )
MARION BASS SECURITIES              )
CORPORATION, et al.,                )
                                    )
            Defendants.             )

## MEMORANDUM IN SUPPORT OF DEFENDANT
## WEILBACHER'S MOTION FOR SANCTIONS

COMES NOW Defendant, Maurice Weilbacher, by and through his counsel of record,

and respectfully submits the following Memorandum in Support of his Motion for Sanctions.

On March 30, 2001 the Court sustained the Defendants' motion to compel and ordered

the Plaintiffs to serve their initial disclosure documents on the Defendants within two weeks.

The Plaintiffs have failed to comply with the Order and Defendant Weilbacher has filed a motion

for sanctions.

This case has been pending since early 2000.  The case has been a very expensive case to

defend to this point and the Plaintiffs have essentially failed to prosecute the claim.  Even after

receiving a motion to compel, an order compelling the documents and a forewarning by the Court

that sanctions would be ordered if the March 30, 2001 order was not complied with, the Plaintiffs

have still failed to serve the documents on Defendants.

Defendant Weilbacher's attorneys have had to spend a significant amount of time sending

QCN 007738

#114

numerous letters to Plaintiffs' counsel, filing a motion to compel and attending the hearing on the

motion to compel. Further, Defendant Weilbacher's attorneys had to further correspond with the

Plaintiffs' counsel to attempt to get them to comply with the Order, then were required to file a

motion for sanctions and will attend the hearing. Under such circumstances, Defendant

Weilbacher should be awarded reasonable attorney's fees in having to take these steps. Further,

in light of the Plaintiffs' flagrant violation of the Order, Defendant Weilbacher respectfully

requests that the Court enter an Order dismissing all claims against him, with prejudice and

awarding him his fees.

The Courts have held that it is within the discretion of the Court on what sanctions to

enter under Rule 26 and in response to the parties' failure to comply with an Order compelling

discovery.

If a party fails to comply with a court order regarding discovery, the court may impose

sanctions under Rule 37 of the Federal Rules of Civil Procedure. The court may enter an order

(1) that designated facts shall be taken to be established for the purposes of the action, (2)

refusing to allow the disobedient party to support or oppose designated claims or defenses or

prohibiting that party from introducing certain matters into evidence, or (3) an order striking out

pleadings or parts thereof, staying further proceedings until the order is obeyed, dismissing the

action, or rendering a judgment by default. Rule 37(d). In addition, the court may order the party

failing to act to pay the reasonable expenses, including attorney's fees caused by the failure.

Rule 37(d).

Rule 37 affords a trial court wide latitude in imposing sanctions for failure to obey

discovery orders. Boardman v. National Medical Enterprises, 106 F.3d 840 (8th Cir. 1997);

Collins v. Burg, 169 F.3d 563 (8th Cir. 1999). Since the trial court is familiar with the

QCN 007739

proceedings before it and with the conduct of counsel, it has a large measure of discretion in deciding what sanctions are appropriate for misconduct. Hutchins v. A.G. Edwards & Sons, Inc., 116 F.3d 1256 (8th Cir. 1997); Collins, 169 F.3d at 563.   A trial court has the power to dismiss a litigant's cause of action when the litigant fails to comply with the court's orders or for intentional delay. Hutchins, 116 F.3d at 1259. This power enables the district courts to ensure the expeditious handling of cases and to protect the rights of opposing parties to be free of prejudice caused by a litigant's dilatory conduct. Id. The trial court need only find that a litigant acted deliberately rather than accidentally and need not find bad faith. Id. Dismissal with prejudice may be ordered in cases of willful disobedience of a court order or where a party exhibits a pattern of intentional delay. Id.

A number of Eighth Circuit decisions have upheld sanctions imposed by district courts for failure to comply with court orders that discovery be had. See, Hutchins, 116 F.3d at 1256 (plaintiff's pattern of intentional delay is the type of conduct for which the sanction of dismissal with prejudice is appropriate); Boardman, 106 F.3d 840 (refusal to allow plaintiff's expert witness to testify was not abuse of discretion given plaintiff's lack of compliance with discovery requirements); Collins, 169 F.3d 563 (attorney fee award granted to defendant for work on her motion for sanctions and order to compel disclosure was not abuse of discretion); and Avionic Co. v. General Dynamics Corp., 957 F.2d 555 (8th Cir. 1992) (plaintiff's failure to comply with order compelling deposition testimony regarding material issue in dispute prejudiced defendant as to render dismissal sanction just).

In conclusion, Defendant Weilbacher respectfully urges the Court to dismiss this claim at Plaintiffs' cost and to award Defendant Weilbacher his attorney's fees.

Respectfully submitted,

QCN 007740

PAULE, CAMAZINE & BLUMENTHAL, P.C.

By: _____

Sherri C. Strand, #4480
165 N. Meramec Avenue, 6th Floor
St. Louis (Clayton), Missouri 63105
Telephone No. (314) 727-2266
Facsimile No. (314) 727-2101
Attorney for Defendant Maurice Weilbacher

Certificate of Service

The undersigned hereby certifies that a copy of the foregoing was sent by United States mail, postage pre-paid, this 16 day of April _____, 2001, to the following counsel of record:

Bruce D. Fischman
David S. Harris
Fischman, Harvey & Dutton
3050 Biscayne Boulevard, Suite 600
Miami, FL 33137
Attorneys for Plaintiffs

John Sandberg
Sandberg, Phoenix & Von Gontard
One City Centre, 15th Floor
St. Louis, MO 63101-1880
Attorneys for Plaintiffs

Steven Garlock
Tracy J. Cowan
Thompson Coburn LLP
One Mercantile Center
St. Louis, MO 63101
Attorneys for Marion Bass Securities,
Marion Bass and Renee Matthews

Theodore J. Sawicki
Alston & Bird LLP
One Atlantic Center

QCN 007741

Atlanta, GA 30309-3424
Attorney for Marion Bass Securities,
Marion Bass and Renee Matthews

Thomas H. Ullman
4210 Old Highway 94 South
St. Charles, MO 63304
Attorney for Sean Henry

QCN 007742

RECEIVED

APR 26 2001    IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
U.S. DIST. CO.        EASTERN DIVISION
E. DIST. MO
ST. LOUIS

| | | |
|---|---|---|
| AMBROSIO & SIROIS | ) | |
| VENTURE PARTNERS LP, | ) | |
| SERIES I, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No.: 4:00CV00052CAS |
| vs. | ) | |
| | ) | |
| MARION BASS SECURITIES | ) | |
| CORPORATION, et al., | ) | |
| | ) | |
| Defendants/Third-Party Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| AMBROSIO & SIROIS, L.L.C., | ) | |
| JEFFREY M. AMBROSIO, | ) | |
| JOHN G. SIROIS and | ) | |
| CHARLES R. LAURIE, JR., | ) | |
| | ) | |
| Third-Party Defendants. | ) | |

RECEIVED

APR 26   4 51 PM '01

CLERK
U.S. DIST.
EASTERN
OF MISSOURI

FILED
√mmc
APR 2 6 2001

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

## PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT WEILBACHER'S MOTION FOR SANCTIONS

### INTRODUCTION

As a matter of law and practice a party seeking discovery must pay the cost of that discovery. Each party is to bear the "ordinary burden of financing his own suit." Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 40 L.Ed.2d 732, 94 S.Ct. 2140 (1974). Counsel for Maurice Weilbacher expressly stated she would not pay cost of copying plaintiffs' Rule 26 documents. Weilbacher's Motion for Sanctions should be denied.

### FACTS

On March 30, 2001, this Court entered an Order requiring the plaintiffs to produce their

QCN 007743

# 116

Rule 26 documents to the defendants by April 13, 2001. Plaintiffs' counsel then began work to review the substantial number of documents required to be produced. On April 11, 2001, counsel for plaintiffs advised counsel for each of the defendants that the Rule 26 documents were prepared to be produced, that the original documents were in Miami, Florida and that those documents would be copied and delivered by overnight mail to the defendants upon the defendants' confirmation they would pay the cost of copying and delivery. The facsimile notification advised the defendants that there are eight (8) full banker's boxes of documents, most of which would need to be hand-copied by a copy service.

On April 13, 2001, counsel for Weilbacher sent a facsimile to counsel for plaintiffs demanding that copies of the documents be delivered to her office by the end of the day April 13, 2001 or she would file a Motion for Sanctions. Counsel for Defendant Weilbacher objected to paying for copying and paying for transportation of the documents. When plaintiff's counsel realized that plaintiffs had mistakenly suggested that defendants should pay for transportation of the documents, plaintiffs' counsel called counsel for Weilbacher and told her that the plaintiffs would pay for transportation of the documents so that they would be produced in St. Louis.

Counsel for Weilbacher said that plaintiffs were required to pay for all copying expenses. Counsel for plaintiffs said that that issue did not come up in the earlier Court hearing and that in his experience, when there is a substantial number of documents, the party receiving the documents pays for the copy expense. Counsel for plaintiffs asked counsel for Weilbacher if she was aware of any custom or practice or any legal authority saying that a party received free copies of a substantial number of documents that were required to be produced. Counsel for Weilbacher never responded to the question of custom and practice or legal authority. Weilbacher continues to refuse to pay for copies of the Rule 26 documents and instead filed a

2

QCN 007744

Motion for Sanctions.

**ANALYSIS**

The United States Supreme Court stated that a party to a lawsuit "ordinarily has the burden of financing his own suit."   Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 40 L.Ed.2d 732, 94 S.Ct. 2140 (1974).  The First Circuit Court of Appeals observed, in In Re Puerto Rico Electric Power Authority, 687 F.2d 501 (1ᵗ Cir. 1982) "It is generally assumed, as the Supreme Court stated in Eisen v. Carlisle & Jacquelin (citation omitted), that each party is to bear the 'ordinary burden of financing his own suit.'  While the prevailing party is permitted in the court's discretion to recover certain enumerated costs necessary to preparation and presentation of his case, this allocation only occurs after the suit is over." Id. at 507.  That Count noted the "assumption implicit in the Federal Rules that parties must normally finance their own lawsuits." Id. at 508.

It is the custom and practice for parties to pay their own copying expenses when they request documents.  Requiring parties to pay for their own documents is a reasonable approach.  If a party does not want the documents, they do not need to request them.  On the other hand, if they want the documents, they should have to pay for their copying.

The undersigned disputes that counsel for Weilbacher ever made a reasonable attempt to resolve differences.  Her position was that the Court Order required the plaintiffs to pay for copies of documents and she believed she should not need to offer any reason or justification beyond that Order.  In Weilbacher's Motion for Sanctions, counsel for Weilbacher cites to Rule 26, Fed.R.Civ.P., local practice, this Court's Order granting Weilbacher's Motion to Compel and the fact that she produced her client's Rule 26 documents without cost to the plaintiffs as authority for the proposition that the party making discovery also has to pay the cost of doing so.

763944.1

3

QCN 007745

First, Rule 26, Fed.R.Civ.P., does not require the party making discovery to pay the cost of making discovery. The Rule is silent in that regard. However, when a party requests documents under Rule 34, Fed.R.Civ.P., the party obtaining the documents pays for copying. Rule 26, Fed.R.Civ.P., does not specifically address the question of expenses, but it is hard to believe that the drafters of the voluntary disclosure of documents provisions of Rule 26 were not aware of this substantial custom that all parties pay for their own sets of documents.

Second, it is not local practice that the party making discovery must pay for that discovery.

Third, this Court's Order did not require plaintiffs to pay for the cost of that discovery. The Order is silent on the subject.

Fourth, the assertion that since Weilbacher produced his Rule 26 disclosure documents without charging the plaintiffs that the plaintiffs must produce their Rule 26 disclosure documents without cost to Weilbacher is equivocation. Weilbacher produced a small number of documents. There is no reasonable comparison between the cost of copying Weilbacher's Rule 26 Disclosures and the cost of copying Plaintiffs' eight (8) full banker's boxes of Rule 26 documents, many of which are paper clipped, stapled or are otherwise in a condition that will require page-by-page hand-copying by a copy service. The cost of copying these documents will run into the many thousands of dollars and plaintiffs have no obligation to bear that cost.

## CONCLUSION

It is the custom and practice for parties to pay their own copying expenses when they request documents. The United States Supreme Court has so stated. Counsel for Weilbacher stated she would not pay for copies of plaintiffs' Rule 26 documents. Weilbacher's Motion for Sanctions should be denied.

763944.1

4

QCN 007746

WHEREFORE, plaintiffs pray this Court enter an Order denying Weilbacher's Motion

for Sanctions and for such further relief as this Court deems appropriate under the circumstances.

Respectfully submitted,
FISCHMAN, HARVEY & DUTTON
3050 Biscayne Boulevard, Suite 600
Miami, Florida 33137
(305) 576-5522
(305) 576-7079 - facsimile

BRUCE D. FISCHMAN, ESQ.
Fla. Bar No.: 218472
Counsel for Plaintiffs

and

SANDBERG, PHOENIX & VON GONTARD
One City Centre - 15th Floor
St. Louis, Missouri 63101-1880
(314)231-3332
(314) 241-7604 - facsimile

JOHN SANDBERG, ESQ., #4251
KENNETH J. BRENNAN, ESQ.,#87729
Co-Counsel for Plaintiffs

763944.1

5

QCN 007747

<u>Certificate of Service</u>

　　　　　The undersigned certifies that a copy of the foregoing was sent by facsimile and United States mail, postage pre-paid, this 26th day of April, 2001, to the following counsel of record:

Sherri C. Strand
Paule, Camazine & Blumenthal
165 North Meramec Avenue, 6th Floor
St. Louis, MO 63105
Fax: 314/727-2101
**Attorney for Defendant Maurice Weilbacher**

Mr. Steve Garlock
Thompson Coburn LLP
One Mercantile Center
St. Louis, MO 63101
Fax: 314/552-7000
**Attorney for Defendants Marion Bass Corporation**
**Marion Bass and Rene Matthew and Robert Lewis**

Theodore J. Sawicki
Alston & Bird LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Fax: 404/881-7777
**Attorneys for Defendant Marion Bass**

Thomas H. Ullmann
Attorney at Law
4210 Old Highway 94 South
St. Charles, Missouri 63304
Fax: 636/441-2991
**Attorney for Defendant Sean Henry**

763944.1                                   6

QCN 007748

# EXHIBIT C

FILED

APR 27 2001

U. S. DISTRICT COURT
E. DIST. OF MO.
ST. LOUIS

No. 4:CC CV OOC S2 CAS

**United States District Court**

Eastern District of Missouri

4-27 ____, 20 01

_Ameriso & Sirois_
vs. _et al Plaintiffs_
_Marion Bass Securities_
_Corp et al Defendants_

### MEMORANDUM FOR CLERK

Motion of Defendant Weibacher for
(Doc#114) Sanctions was called for hearing. After argument,
with counsel for all parties present, the Court
granted the motion in part and denied
without prejudice in part. The Court hereby
orders: 1. The order is granted in that
the Plaintiffs shall transport, copy and
deliver the Initial Disclosure documents by
May 7, 2001 (5 Bankers Boxes) to Weibacher's Counsel and
to all other defendants' Counsel, at Plaintiffs
costs. 2. The motion of Weibacher for attorney's
fees and other sanctions is denied without
prejudice. SO ORDERED.

By _Charles A. Shaw_ 4/27/01

CHARLES A. SHAW
U.S. District Judge

Attorney for Plaintiff
Defendant

QCN 007749

_Steve Gross_
Attorney for Plffs
Marin Bass Sec, et al

_Kenneth Brennan Riddle_ #13014
attorney for Δ Henry
636-441-3030

_Shaun C. Strand_
# 4450 att. for Δef
Weibacher

118

# EXHIBIT D

# HOGAN & HARTSON

L.L.P.

JONATHAN A. CONSTINE
PARTNER
(202) 637-5870
JACONSTINE@HHLAW.COM

September 17, 2003

COLUMBIA SQUARE
555 THIRTEENTH STREET, NW
WASHINGTON, DC 20004-1109
TEL (202) 637-5600
FAX (202) 637-5910
WWW.HHLAW.COM

*BY TELECOPY*

David S. Harris, Esq.
3669 Poinciana Avenue
Suite 3A
Coconut Grove, FL  33133

Re:   Quantum v. Chubb Custom

Dear David:

As you know, in Quantum's response to Chubb Custom's initial request for documents, you agreed to produce all responsive non-privileged documents in your clients' possession.  You also indicated at the time that you provided copies of responsive documents that you were working to obtain additional responsive documents from your clients and their other attorneys, and that those documents would be produced when they were obtained.  You have repeated this assurance on occasions since that time, most recently in our telephone discussion on September 4.

To date, Quantum has not lived up to its agreement to produce responsive documents.  Indeed, to date Quantum has produced only a few documents responsive to Request Nos. 1, 3, and 4, and Quantum has not produced a single document responsive to Request Nos. 2, 5, 6, 7 or 8, despite having raised no objection to those requests.

That some of the documents may be in the possession of other counsel for Quantum or its principals is no excuse for its failure to produce responsive documents.  Quantum is obligated under the Federal Rules of Civil Procedure to produce all documents within its "possession, custody, or control," including documents in the possession of its counsel for the underlying litigation.  Indeed, because a client can command its attorney to return its documents at any time, courts have recognized that documents in the possession of a party's counsel are within the party's possession, custody, and control.  See, e.g., Gray v. Faulkner, 148

HOGAN & HARTSON L.L.P.

David S. Harris, Esq.
September 17, 2003
Page .2

F.R.D. 220, 223 (N.D. Ind. 1992) ("Documents in the possession of a party's attorney
. . . may be considered to be within the control of the party for purposes of a Rule 34
production request."); Hanson v.Gartland Steamship Co., 34 F.R.D. 493, 496 (N.D.
Ohio 1964) ("If Rule 34 is to be used, then possession by the lawyer must mean
control of the party, since the rule applies only to parties."); see generally 8A
Charles A. Wright et al., Federal Practice & Procedure § 2210 ("Inspection can be
had if the party to whom the request is made has the legal right to obtain the
document, even though in fact it has no copy. Thus, a party can be required to
produce a document that it has turned over to its attorney."). Quantum has an
independent obligation to respond to Chubb Custom's document requests that
extends beyond simply pointing to its outside counsel.

To date, we have relied on your assurances that additional responsive
documents would be forthcoming. Unfortunately, we cannot continue to do so.
Unless Quantum's document production is supplemented with all responsive
documents (or we agree to a reasonable date certain for that supplementation) by
September 24, 2003, we will file a motion to compel.

I look forward to hearing from you.

Sincerely,

Jonathan A. Constine